IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GREGORY LUTZ, et al.,

    Plaintiffs,

v.

HUNTINGTON BANCSHARES INC., et al.,

    Defendants.

Case No. 2:12-cv-01091
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiffs' motion to conditionally certify a collective action under the Fair Labor Standards Act ("FLSA") and for notice to be given to potential class members.  (ECF No. 3.)  Also before the Court are Defendants' memorandum in partial opposition to Plaintiffs' motion (ECF No. 15) and Plaintiffs' supplemental memorandum (essentially a reply to Defendants' opposition) in further support of their motion (ECF No. 16).  The Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion to the extent set forth in this Opinion and Order.

### I.    Background

Plaintiffs Gregory Lutz and Dorothy Becker filed a Complaint in this action against Defendants Huntington Bancshares, Inc. and Huntington National Bank, alleging violations of the overtime provisions of the FLSA.  (Compl., ECF No. 1.)  After the filing of the case, additional Plaintiffs James DiBenedetto, Melisa Ann Hoodhood, Kiesha Kumar Malloy, and Donald Tucker filed consent forms to be added as named party plaintiffs in the action.  (ECF No. 2.)  Plaintiffs move for conditional certification of an FLSA collective action consisting of

1

>current and former employees whose primary job duty consisted of providing defendants' credit products to customers after reviewing and evaluating the loan applications against defendants' credit standards and guidelines for providing those credit products to those customers and who worked more than 40 hours in any workweek but were not paid the applicable statutory premium rate for overtime work.

(ECF No. 3 at PAGEID# 31.)

The basic thrust of Plaintiffs' lawsuit is that Defendants' underwriters were erroneously classified as "exempt" employees under the FLSA and were improperly deprived of overtime pay. Plaintiffs contend it was Huntington Bank's policy to classify all underwriter employees as "exempt" and to not pay the premium overtime rate when the underwriters worked more than 40 hours in a workweek.

Though Defendants deny liability, they do not oppose Plaintiffs' motion to the extent Plaintiffs ask for conditional certification and for notice to be given to "other individuals employed by the Bank as Consumer Home Lending underwriters at any time since November 28, 2009." (Defs.' Memo. Opp., ECF No. 15 at PAGEID# 151.) Defendants oppose, however, the scope of the class proposed by Plaintiffs. Defendants argue that the class should be limited to those who work or worked as "Consumer Home Lending" underwriters for Huntington National Bank. (ECF No. 15 at PAGEID# 139-40.) Defendants also oppose Plaintiffs' proposed plan for the manner in which notice of this lawsuit should be provided to the potential opt-in plaintiffs.

## II. Discussion

### A. Conditional Certification of Collective Action

The Fair Labor Standards Act allows employees, under certain circumstances, to collectively sue an employer to recover unpaid overtime compensation. *See* 29 U.S.C. § 216(b). The statute provides in part:

>Any employer who violates the provisions of section 6 or section 7 of this Act [the minimum wage or maximum hours provisions, 29 U.S.C. §§ 206, 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.… An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Determining whether to allow an action to proceed as a collective action is left to the trial court's discretion. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). In general, courts must first determine whether to authorize notice of the pending action and the opportunity to "opt-in" to be given to potential class members. *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 864-65 (S.D. Ohio 2005). The court will authorize "conditional certification" and notice to potential class members if the named plaintiffs demonstrate that they are "similarly situated" to the other employees whom they seek to notify. *Id.* at 865. After notice has been sent and discovery has been completed, the defendant(s) can move to decertify the class, challenging the court's preliminary determination that other employees are similarly situated. *Id.* If the Court concludes that they are similarly situated, the collective action proceeds to trial; if not, the court de-certifies the class, dismisses the opt-in plaintiffs without prejudice, and proceeds to trial on the named plaintiffs' individual claims. *Smith v. Lowe's Home Ctrs.*, 236 F.R.D. 354, 357 (S.D. Ohio 2006).

At the conditional certification stage, the relevant stage here, Plaintiffs need make only "a modest factual showing" that they are similarly situated to the other potential plaintiffs whom they seek to notify of the collective action. *Harrison*, 411 F. Supp. 2d at 865 (citing *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004)). A "modest" showing does

not, however, mean one that the court will rubber-stamp as a proposed class.  Plaintiffs must present some *evidence* to support allegations that others are similarly situated.  *Id.* at 868.  "Before subjecting an employer to the burdens of a collective action, 'plaintiffs must establish a colorable basis for their claim that a class of 'similarly situated' plaintiffs exists.'"  *Id.* (quoting *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991)).

> B.  **Plaintiffs' Proposed Class**

Plaintiffs ask the Court to conditionally certify a class consisting of

> current and former employees whose primary job duty consisted of providing defendants' credit products to customers after reviewing and evaluating the loan applications against defendants' credit standards and guidelines for providing those credit products to those customers and who worked more than 40 hours in any workweek but were not paid the applicable statutory premium rate for overtime work.

(ECF No. 3 at PAGEID# 31.)  According to the proposed notice attached to Plaintiffs' motion, this class would include employees with job titles of "Underwriters, Senior Underwriters, Home Lending Underwriters, Home Lending Underwriters Senior, SBA Portfolio Managers / Underwriters I, Business Banking/SBA Underwriters II, and similar positions."  (ECF No. 3-6, at PAGEID# 71.)  The proposed class would encompass all current and former employees described above whom Defendants employed between November 28, 2009 and the present.  (ECF No. 3 at PAGEID# 19.)

In their memorandum in partial opposition to Plaintiffs' motion, Defendants do not oppose conditional certification of a collective action per se.  Rather, Defendants oppose the scope of the class that the named Plaintiffs seek to certify.  According to declarations submitted in support of their motion for conditional certification Plaintiffs Lutz and Becker were a "Senior Underwriter" and "Home Lending Underwriter, Senior," respectively, employed by Defendant Huntington Bank.  Defendants first argue (with the supporting declaration of Mary Cline, Senior

4

Vice President-Loan Center Manager) that Plaintiffs were employed by Huntington Bank as underwriters in the Consumer Home Lending group and that underwriters in that group performed duties that were different than those of underwriters in other groups, including the Mortgage Home Lending Group.  (ECF No. 15 at PAGEID# 15; Cline Decl. ¶¶ 9-13, ECF No. 15-1.)  Defendants also contend that the Bank's Consumer Home Lending underwriters "have compensation and incentive plans that are distinct from other underwriter positions at Huntington, and the underwriters' performance is measured against criteria specific to their job within the consumer group."  (Cline Decl. ¶ 8.)  Because of the differences between the Consumer Home Lending underwriters and other underwriter positions at the Bank, Defendants contend that notice should be limited to Consumer Home Lending underwriters because those employees are the only ones similarly situated to Plaintiffs.

Plaintiffs argue that the differences cited by Defendants do not preclude certification of a class consisting of *all* underwriters, regardless of group or department.  Indeed, Plaintiffs point out that the differences between underwriter positions cited by Defendants are minor and do not change the fact that the primary duty of all underwriters—whether in the Consumer Home Lending group or in the Mortgage Home Lending Group—was to review loan applications against Defendants' guidelines and to determine whether to approve a loan.  (Pltfs.' Supp. Memo., ECF No. 16 at PAGEID# 163.)  And at this conditional certification stage, "Plaintiffs can show they are similarly situated by showing that 'their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'"  *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011) (quoting *O'Brien v. Ed Donnelly Enters., Inc*., 575 F.3d 567, 585 (6th Cir. 2009)).

5

Based on the evidence presented by the parties, the Court concludes that Plaintiffs have demonstrated, for purposes of conditional certification, that persons employed by Huntington Bank whose primary job was underwriting home mortgages are similarly situated.  In support of their motion, Plaintiffs submitted declarations from Plaintiffs Lutz, Becker, and DiBenedetto, along with detailed job descriptions of certain underwriter positions within Huntington Bank.  According to Plaintiff Lutz, his title was "Senior Underwriter" and his primary job duty was reviewing customer files and deciding whether to extend credit to Huntington Bank customers.  (ECF No. 3-2 at ¶¶ 5-6, PAGEID# 36.)  Lutz states that his job duties were similar to the "Home Lending Underwriter" and "Home Lending Underwriter Senior" positions within Huntington National Bank.  (*Id.* at ¶ 6.)  Plaintiff Becker's declaration is similar to Lutz's: Becker worked as a "Home Lending Underwriter Senior," but noted that her review of internal job descriptions demonstrates that positions such as Home Lending Underwriter, Underwriter, and Senior Underwriter "performed the same or similar job duties as [Becker] did during [her] employment with Huntington National Bank."  (ECF No. 3-3 at ¶ 6, PAGEID# 44.)  Plaintiff DiBenedetto similarly affirms that even though his title was "Underwriter I," the positions of Home Lending Underwriter and Home Lending Underwriter Senior performed the same or similar job duties as he did during his employment with Huntington Bank.  (ECF No. 3-4 at ¶ 6, PAGEID# 52.)

The Bank's internal job descriptions corroborate Lutz's and Becker's assessment, as the jobs of "Home Lending Underwriter" and two different categories of "Home Lending Underwriter Senior" describe vastly similar positions.  (ECF No. 3-5 at PAGEID# 60-65.)  Huntington Bank does not dispute that it classified these underwriter positions as exempt from the FLSA's overtime requirements; nor does it dispute that it did not pay the overtime rate when

6

these underwriters worked over 40 hours in a workweek. *See Swigart*, 276 F.R.D. at 213 (finding employees to be similarly situated for certifying collective action when they had "same primary job duty" of selling residential mortgage products, were classified as exempt, and were not paid overtime). For these reasons, the Court find that Plaintiffs have shown, for purposes of conditional certification, that they are similarly situated with other current or former home lending underwriters.

While the Court finds conditional certification of a class to be proper in this case, the Court does not see fit to certify a class as wide in scope as the one Plaintiffs seek. Plaintiffs' proposed class includes employees who have worked in underwriter positions unrelated to home mortgage lending. For example, Plaintiffs propose to include those employees who worked in the positions of "Business Banking SBA Underwriter II" and "SBA Portfolio Manager/ Underwriter I." (ECF No. 3-5 at PAGEID# 66-69; ECF No. 3-6 at PAGEID# 71.) But Plaintiffs have not presented evidence that would allow this Court to conclude that employees who work (or worked) as underwriters in the Business Banking organization are similarly situated to employees who work (or worked) as underwriters in the Home Lending organization. For one thing, none of the Plaintiffs who submitted declarations in support of Plaintiffs' conditional certification motion professed to having experience working in the Business Banking organization. For another thing, it is not at all clear to the Court (even under the "modest factual showing" standard for conditional certification) that the Business Banking underwriters are similarly situated to Home Lending underwriters. Plaintiffs impress upon the Court that underwriting is underwriting, regardless of whether the Bank is underwriting a home loan as opposed to a business loan. (Pls.' Supp. Memo., ECF No. 16 at PAGEID# 162.) But the job descriptions submitted as evidence by Plaintiffs do not suggest that all underwriting positions are

created equal. For example, the Business Banking underwriting positions sought to be included within Plaintiffs' class contain the following "Brief Description" of the job duties:

> Responsible for the evaluation and underwriting of Business Banking loans to determine credit worthiness and compliance to Huntington lending policy. Responsible for more complex business loan relationships, and those with higher credit exposure within the business segment. Reviews and analyzes all customer financial information to ensure sound credit decisions are made. *Underwriter credit authority limits up to $2MM.*

(ECF No. 3-5 at PAGEID# 66, 68 (emphasis added).) This description, in particular the last sentence regarding underwriter credit authority (something not contained in the Home Lending job descriptions) suggest that the Business Banking underwriter positions come with more discretion in the performance of the underwriter function, which would arguably bring the Business Banking positions closer to satisfying the administrative exemption from FLSA overtime requirements. *See* 29 U.S.C. § 213(a)(1).

The detailed descriptions of the Business Banking underwriter positions are also different from the Home Lending position descriptions. The Business Banking positions contain more duties than the Home Lending positions, including some aspects that suggest a greater degree of responsibility and discretion being entrusted to Business Banking underwriters. (ECF No. 3-5 at PAGEID# 68.)

For these reasons, the Court finds that certification of a class including Home Lending underwriters is appropriate. The Court denies Plaintiffs' motion, however, to the extent it seeks to include Business Banking underwriters within the scope of the class.

### C. Court Supervised Notice

In addition to seeking certification of an FLSA collection action class, Plaintiffs also ask the Court to approve the form of notice proposed to be sent to the class. (ECF No. 3-6 at PAGEID# 71.) A district court may facilitate an FLSA collective action by authorizing notice of

the suit to potential opt-in plaintiffs. *See Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Thus, the Court will supervise notice so as to provide potential plaintiffs with "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.* at 170.

In this case, attached to Plaintiffs' motion is a copy of the notice that they ask this Court to approve. (ECF No. 3-6, PAGEID# 71-75.) Defendants raise no objections to the content of the proposed notice submitted by Plaintiffs. Defendants do, however, object to various aspects of Plaintiffs' motion related to how and to whom the court supervised notice will be distributed.

### 1. Inclusion of Huntington Bancshares, Inc.

As an initial matter, the Court addresses Plaintiffs' apparent intent for the notice to go to employees of both Huntington Bank and Huntington Bancshares Inc., the named Defendants in this action. Defendants argue that Plaintiffs have provided no basis to include Huntington Bancshares within the scope of the collective action notice. (Defs.' Memo. Opp., ECF No. 15 at PAGEID# 142.)

The Court agrees with Defendants that Huntington Bancshares should not be included in the notice. Plaintiffs have offered no evidence regarding employees of Huntington Bancshares. Indeed, the Plaintiffs allege they are current or past employees of Huntington Bank; none of the Plaintiffs who submitted declarations in support of their motion to certify a class indicate that they are (or were) employees of Huntington Bancshares. Nor do Plaintiffs explain in their memoranda in support of their motion why employees of Huntington Bancshares should be included in the notice.[1] Without any explanation or evidence to show why employees of

---

[1] Plaintiffs' Complaint alleges that Huntington Bank is a "subsidiary of Huntington Bancshares, Inc." (Compl. ¶ 21, ECF No. 1 at PAGEID# 4.) The Complaint then goes on to use the term "Huntington" to refer to Huntington Bank and Huntington Bancshares collectively. Plaintiffs do not explain in their motion for class certification, however, why employees of Huntington Bancshares should be included in a

9

Huntington Bancshares are similarly situated to Plaintiffs, the Court declines to issue notice to the Huntington Bancshares employees; they are not a part of this collective action.

### 2. Telephone Numbers, E-mail Addresses, and Social Security Numbers

In order to facilitate the provision of notice to potential opt-in plaintiffs, Plaintiffs ask the Court to require Defendants to provide to Plaintiffs' counsel a spreadsheet containing the "name, current or last known address, phone number, [last four digits of] social security number, location of employment, dates of employment, date of birth and e-mail address" of all individuals who fit within the conditionally certified class. (Pls.' Mot., ECF No. 3 at PAGEID# 32.) Plaintiffs argue that the last four digits of social security numbers will "aid plaintiffs' counsel in locating current and accurate addresses for putative plaintiffs" if notices are returned as undeliverable. (*Id.* at PAGEID# 30.) Plaintiffs make a similar point with regard to telephone numbers and e-mail addresses. (Pls.' Supp. Memo., ECF No. 16 at PAGEID# 166.) Defendants oppose providing telephone numbers, e-mail addresses, or social security numbers, arguing that Plaintiffs have not demonstrated the need for this information. (Defs.' Memo. Opp., ECF No. 15 at PAGEID# 145.) Defendants argue that the preferred method of notice is first-class mail and that there is no reason to provide information other than last known addresses at this time. (*Id.*)

Plaintiffs acknowledge that first-class mail is the typical mode of providing notice to potential opt-in plaintiffs. (ECF No. 16 at PAGEID# 166.) But they contend that the additional information they request helps to ensure that the potential opt-in plaintiffs actually receive the notice. With the telephone numbers, e-mail addresses, and last four digits of social security numbers, Plaintiffs say they can more easily locate current contact information for individuals

---

collective action, much less explain how Plaintiffs could be deemed employees of Huntington Bancshares. *See Gonzalez v. HCA, Inc.*, No. 3:10-577, 2011 U.S. Dist. LEXIS 95774, at *38-39 (M.D. Tenn. Aug. 25, 2011) (denying motion for conditional class certification as to the parent corporation when plaintiffs failed to show how the parent corporation could be deemed their joint employer).

who, for example, are no longer employed by Huntington Bank and have moved since leaving the Bank's employ.  (*Id.*)

Courts generally approve only a single method for notification unless there is a reason to believe that method is ineffective.  *Wolfram v. PHH Corp.*, No. 1:12-cv-599, 2012 U.S. Dist. LEXIS 181073, at *11 (S.D. Ohio Dec. 21, 2012) (citing *Shajan v. Barolo*, No. 10cv1385, 2010 U.S. Dist. LEXIS 54581 (S.D.N.Y. June 2, 2010)).  For example, a judge of this Court permitted disclosure of private email addresses in addition to last known addresses in order to ensure that former employees received at least one copy of the notice.  *Swigart*, 276 F.R.D. at 215.  And another judge of this Court found disclosure of e-mail addresses appropriate because "[p]ermitting transmission by mail and by email to former employees both appropriately safeguards the privacy of individuals not currently a party to the case and helps ensure that all potential plaintiffs receive notice of their right to join this lawsuit."  *Wolfram*, 2012 U.S. Dist. LEXIS 181073 at *12.

Though Defendants argue that it is speculative to conclude that sending notice by e-mail is necessary, this Court chooses to follow the lead of *Swigart* and *Wolfram* and allow sending notice by e-mail to former Huntington Bank employees who are within the certified class.  The Court finds that transmitting notice to all putative opt-in Plaintiffs by mail and additionally by e-mail to those no longer employed by Huntington Bank is appropriate.  *See Swigart*, 276 F.R.D. at 215; *Wolfram* at *12.  By allowing e-mail notice to former employees now, the Court hopes to avoid the added step of having to resend notice in the event that a former employee's last known home address proves to be inaccurate.  Accordingly, the Court grants Plaintiffs' request for Defendants to provide information about current and former Huntington Bank employees within the opt-in class, but only to the extent that Defendants are ordered to provide to Plaintiffs'

counsel (in hard copy and electronically) a spreadsheet with names, current or last known addresses, locations of employment, dates of employment, and (for those potential plaintiffs no longer employed at Huntington Bank) last known e-mail addresses.[2]

The Court agrees with Defendants, however, that Plaintiffs have not shown that disclosure of social security numbers (last four digits) and/or telephone numbers of potential class members is appropriate at this time. The disclosure of last known addresses of current and former employees and the email addresses of former employees should be sufficient to provide reasonable notice to the class. In light of the Court allowing disclosure of these addresses, the Court deems disclosure of social security numbers and/or telephone numbers to be unnecessary unless and until Plaintiffs make some showing that using the last known addresses and/or email addresses does not enable them to provide reasonable notice to the class. *See Wolfram*, 2012 U.S. Dist. LEXIS 181073 at *12 (declining to order disclosure of social security numbers and/or telephone numbers when last known addresses and email addresses should be sufficient).

### 3. Reminder Notices, Posting in Workplaces, and Newsletters

Plaintiffs also request that this Court order Defendants to take additional steps to ensure that potential class members have actual notice of this action. Specifically, Plaintiffs ask that this Court order Defendants to (1) post notices and opt-in forms in a conspicuous place (*e.g.*, break rooms in the workplace) during the pendency of this lawsuit and (2) "publicize" the notice five times in Defendants' employee newsletter or other employee communications. (ECF No. 3 at PAGEID# 32.) Defendants object to these notice requirements, characterizing them as being

---

[2] Plaintiffs' motion also asks that the list contain the dates of birth for the potential opt-in plaintiffs. (ECF No. 3 at PAGEID# 32.) Defendants take the position that the list should include only names, last known addresses, and dates of employment. (ECF No. 15 at PAGEID# 144.) Because Plaintiffs do not explain why the date of birth information is necessary, the Court declines to order such disclosure.

designed to encourage participation more than provide notice to putative plaintiffs. (ECF No. 15 at PAGEID# 147.)

The Court declines to impose these reminder notice requirements on Defendants in this case. As the Court observed in *Wolfram*, "[m]any courts have rejected reminder notices, recognizing the narrow line that divides advising potential opt-in plaintiffs of the existence of the lawsuit and encouraging participation." *Wolfram* at *13. Plaintiffs have not demonstrated why, for *notice* purposes, it is necessary for the notices to be posted in the workplace or publicized in employee newsletters.

### III. Conclusion

In accordance with the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion for conditional certification and notice to potential class members. (ECF No. 3.) The Court **GRANTS** conditional class certification under the FLSA and conditionally certifies the following class:

> All current and former employees of Huntington National Bank from November 28, 2009 to the present, whose primary job duty consisted of providing the Bank's credit products to residential loan customers after reviewing and evaluating the loan applications against the Bank's credit standards and guidelines for providing residential loan products and who worked more than 40 hours in any workweek but were not paid the applicable statutory premium rate for overtime work.

The Court further **ORDERS** the parties to submit, within seven days of the date of this Opinion and Order, a joint or separate proposed judicial notice that complies with the parameters set forth herein. The proposed judicial notice shall include a specific opt-in period not to exceed 90 days. The parties are encouraged to confer and reach agreement on an appropriate opt-in period.

Additionally, Defendants shall produce to Plaintiffs within 14 days of the date of this Opinion and Order a list of all individuals who fall within the certified class described above.

The list shall be in spreadsheet format, produced electronically and in hard copy, and contain the following information:

1. Full name of employee or former employee;

2. Last known address of the employee or former employee;

3. If a former employee, the former employee's last known e-mail address;

4. Dates of employment for each employee or former employee;

5. The location of employment for each employee or former employee.

**IT IS SO ORDERED**.

                                             /s/ Gregory L. Frost
                                             GREGORY L. FROST
                                             UNITED STATES DISTRICT JUDGE